UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————x

NELSON RODRIGUEZ,

                    Plaintiff,

        -against-                                                    05 Civ. 1831 (CM)(MHD)

HECTOR DIAZ, CHIEF CLERK, CHARLOTTE
DOE, ASSISTANT CLERK, JOHN JAMES
ASSISTANT CLERK OF THE BRONX
SUPREME COURT,

                    Defendants.

————————————————————————x

| USDS SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: 3/25/09 |

DECISION AND ORDER WITHDRAWING THE REFERENCE FROM THE
MAGISTRATE JUDGE AND DENYING DEFENDANTS' MOTION TO
DISMISS OR IN THE ALTERNATIVE FOR JUDGMENT ON THE PLEADINGS

McMahon, J.:

        This matter, alleging a violation of plaintiff's constitutional right of access to the courts, was
originally assigned to the late Judge Richard Conway Casey. Defendants made the instant motion
to dismiss the matter in December 2006, about a year and a half after it was filed; it appears to have
been the second such motion (the case having been remanded after the Second Circuit vacated the
initial dismissal). Judge Casey referred the motion to a magistrate judge, on whose docket it has
remained from that time to this.

        I inherited the bulk of Judge Casey's civil cases. I believe that this case is the only one that
remains unaddressed. Because this motion has been pending for over twenty seven months, I am
withdrawing Judge Casey's order of reference. That way, I can decide the motion myself and spare
all parties the additional time that would be needed to handle an appeal from the magistrate's Report
and Recommendation once it issued.

        The motion purports to be a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or for
judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Both parties have submitted evidence
to the court in support of or in opposition to the motion. Plaintiff submits numerous court filings
in related matters in the New York State Supreme Court, and defendant submits an affidavit from
his former counsel and a number of letters he has written to various Bronx County judges. Because
both parties have submitted evidence outside the four corners of the pleadings, it can be treated as
a motion for summary judgment. Fed. R. Civ. P. 12(d); see also Sahu v. Union Carbide Corp., 548

F.3d 59 (2d Cir. 2008)

However, were the motion considered under Rule 56 standards, I would simply have to deny it pursuant to Fed. R. Civ. P. 56(f), for reasons that will become apparent. Therefore, while I refer to some of the materials submitted by both sides as I recount the history of this case, I am simply deciding whether plaintiff's pleading states a viable claim for relief. It does. I thus deny the motion for dismissal/judgment on the pleadings.

## Procedural History

The plaintiff was found guilty by a jury in 1988 of two counts of Murder in the Second Degree and one count of Attempted Murder in the Second Degree. Later that same year, plaintiff pled guilty to a third count of Murder in the Second Degree under a separate indictment. His convictions have been affirmed and his post-conviction motions denied. Rodriguez is presently serving a sentence of 58 1/3 to Life: two consecutive indeterminate terms of 25 years to life plus a further consecutive term of 8 1/3 to 25 years under the trial indictment, together with a concurrent sentence of 15 Years to Life for the homicide disposed of by guilty plea.

Beginning in 1991, plaintiff began to file requests under New York's Freedom of Information Law (FOIL), in an effort to obtain information gathered by the Bronx County District Attorney in the course of its investigation and trial of the matter. Among other things, he sought (1) video taped statements of witnesses Jose Najarian and Maria Sanchez (Mr. Najarian and Ms. Sanchez were witnesses who came forward after Mr. Rodriguez was convicted to discredit the People's cooperating witness), and (2) communications between the Bronx District Attorney's Office and the United States Attorney's Office for the Southern District of New York. Plaintiff insists that the information he seeks would establish his actual innocence. All such requests were denied, both *ab initio* and after the requisite administrative appeals were filed.

After the final administrative denial of a FOIL request, the next step is to take the matter to court. On or about October 1, 2000, Ashirah S. Naphati, Esq., who represented plaintiff at his criminal trial, filed an Article 78 petition with the Bronx County Clerk (in whose office all three named defendants work) on plaintiff's behalf. She took the petition (which she had picked up at the prison) to the Bronx County Clerk at the Bronx County Clerk's Office, Room 217, for filing. The petition was covered by an order to show cause, and Ms. Naphati submitted not one but two poor person affidavits so that plaintiff would not have to pay for an index number. (See Naphati Aff., submitted as Exhibit A to the Rodriguez Affidavit in opposition to the motion to dismiss). For reasons unknown, no index number was assigned until July 19, 2005, when the Article 78 was finally accepted for filing and calendared. It was heard by The Hon. Nelson Roman, who concluded, in a decision dated November 14, 2005, that the petition was time-barred. Judge Nelson concluded that petition was barred by the four month statute of limitations applicable to Article 78 proceedings. He so reasoned because administrative review was complete, at the very latest, by June 24, 2000, yet the petition was not formally filed on the court's official docket until 2005, when it was given an index number.

Plaintiff both appealed Judge Roman's decision to the Appellate Division, First Department, and commenced this lawsuit against the Bronx County Clerk and two of his assistant clerks. He seeks damages of $1,000 per day for each day since he had originally submitted his Article 78 petition to the Clerk's Office. His theory is that he was denied access to the courts.

Former Chief Judge Michael B. Mukasey, who at the time reviewed all *pro se* complaints for sufficiency, dismissed the complaint, ruling that the Clerk's Office employees who had been sued were protected by the absolute judicial immunity. Judge Mukasey's decision was vacated by the United States Court of Appeals for the Second Circuit in January 2006. The Circuit held that the record did not definitively show whether the defendants were entitled to such immunity. The matter was remanded for further proceedings.

At that point, someone in the Attorney General's Office finally started to look into why plaintiff's petition had languished. The Bronx District Attorney's Office admitted that it had been served with a copy of the petition in October 2000 – the very month it was submitted to the court – yet the matter had lain dormant for five years, despite plaintiff's efforts to have his petition heard. (Rodriguez Aff. Ex. A).

According to an Assistant Attorney General, her investigation revealed that plaintiff's Article 78 petition had been confused with a petition for a writ of habeas corpus, which was filed in exactly the same month (October 2000), by a different prisoner named Nelson Rodriguez.[1] It is not entirely clear to this Court whether the mix-up occurred in the Clerk's office or in the Office of the Bronx District Attorney, or both.

In November 2006, the New York State Attorney General petitioned Judge Roman to restore the matter to his calendar and to address the petition on the merits. It also asked that plaintiff's pending appeal from Judge Roman's original order be held in abeyance. (Ghartey Aff. Ex. O). Although petitioner took inconsistent positions regarding the application to restore the matter to the calendar – he both opposed it and asked that he be granted the relief originally requested in his Article 78 petition – Judge Roman did in fact restore the matter to his calendar. (Ghartey Reply Dec. Ex. U). By order dated March 23, 2007, Judge Roman issued an order stating that the Court will "in fact treat the aforementioned correspondence as a motion to reargue [the Court's] prior decision and order [dated November 14, 2005] rather than a motion to renew the same." In that same order, Judge Roman denied the Article 78 to the extent that Mr. Rodriguez sought correspondence between the Bronx District Attorney's Office and the United States Attorney. However, he ordered the District Attorney's office to produce, for *in camera* inspection, the video tape statements of witnesses Jose Najarian and Maria Sanchez. (Declaration of Bronx County Assistant District Attorney Rafael Curbelo at ¶ 11). The District Attorney's Office turned the tapes over to Judge Roman on March 28,

---

[1] Prisoner petitions for writs of habeas corpus are most often filed in federal court, not state court. However, it is possible to file a habeas petition in the New York State Supreme Court, so it is possible that the other Nelson Rodriguez did so.

2007. (Id. at 12).[2]

By Decision and Order dated October 23, 2007, Judge Roman ruled that the District Attorney had to provide Mr. Rodriguez with the videotape statements within 60 days of the date of the Order. (Id. at 13). Assistant District Attorney Rafael Curbelo states in his declaration filed in the case at bar on October 30, 2007 – a week after Judge Roman instructed his office to turn over the tapes – "I fully anticipate that my office will move to re-argue this decision." (Id. at fn. 1).

Mr. Curbelo's declaration represents the latest information about this matter in the written record. In the interest of moving this matter along quickly, the Court telephoned the Bronx District Attorney's Office and asked for a report about the status of the matter. By letter dated March 24, 2009, A.D.A. Curbelo states:

On February 9, 2009, I turned over copies of the four video cassette tapes of the October 1990 interviews of Jose Najarian and Maria Sanchez to Robert Reuland, Esq., counsel for Nelson Rodriguez. Sandra Pruzak, Attica Correctional Facility's Inmate Records Coordinator returned the tapes to me after Mr. Rodriguez viewed them. (See enclosed letter from Ms. Prusak, dated March 10, 2009.)

(Letter from Bronx Assistant District Attorney Rafael Cubelo dated March 24, 2009, which is attached to this decision). It remains to be seen what plaintiff and his attorney, Mr. Reuland, intend to do with whatever they saw on the tapes.

## Defendants' Motion

The Attorney General moved, on behalf of defendants, for dismissal or for judgment on the pleadings. Defendants seek dismissal on three grounds.

First, defendants urge that the complaint must be dismissed because Judge Roman restored the matter to the calendar, so plaintiff suffered no injury stemming from the delay in filing his petition.

Defendants assume that the only injury plaintiff could have suffered was the injury of having his Article 78 petition dismissed as untimely, which injury has clearly been redressed. They are wrong.

We now know, as a result of Judge Roman's ruling, that the tapes plaintiff sought should

---

[2] On November 1, 2007, the Appellate Division First Department dismissed Rodriguez's appeal of Judge Roman's original decision denying Rodriguez's application as untimely. "Petitioner's appeal is moot because Supreme Court vacated the judgment on appeal and reached the merits." Rodriguez v. Johnson, 843 N.Y.S.2d 832 (N.Y. App. Div. 2007) *leave to appeal denied* 857 N.Y.S.2d 38.

have been turned over pursuant to his FOIL request. Plaintiff had to wait more than five years from the date he entrusted his attorney with the Article 78 petition to obtain relief to which, it has now been held, he was entitled. If something more than mere negligence prevented plaintiff's petition from being properly docketed and heard on its merits for five years,[3] then he was deprived of a constitutional right, causing him at least nominal damage.[4]

Therefore, the complaint cannot be dismissed for failure to state a claim. The parties should promptly embark on discovery so that we can flesh out the record on why plaintiff's petition was not docketed.

Defendants move to dismiss on two other grounds as well, and I need to address them, albeit briefly.

First, they ask for Younger abstention, see Younger v. Harris, 401 U.S. 37 (1971), alleging that there is a pending proceeding in the state court, in which the state has a strong interest, where plaintiff's federal constitutional claim can be vindicated. They are wrong.

There is at present no pending state court proceeding in favor of which this court could abstain. Plaintiff's Article 78 proceeding has now been resolved. Furthermore, the former Article 78 proceeding sought review only of the rejection of plaintiff's FOIL requests; the petition does not assert any claim for violation of plaintiff's constitutional rights as a result of the failure to docket his petition back in 2000. While plaintiff could have brought that federal constitutional claim in the state court back in 2005 as part of his Article 78 proceeding, he was not required to do so and to forego his federal forum. Furthermore, by today, in 2009, plaintiff's right to commence a proceeding under

_____

[3] 42 U.S.C. § 1983 only protects persons against intentional (i.e., non-negligent) violations of their constitutional rights. See Polanco v. U.S. Drug Enforcement Admin., 158 F.3d 647, 653 ( 2d Cir 1998).

[4] Theoretically, actual (as opposed to nominal) damages for denial of access would compensate plaintiff for the time he had to spend behind bars while he was prevented from obtaining evidence that he could use to obtain post-conviction relief. However, any such claim would have to be dismissed, because such damages would depend on a finding that plaintiff's original conviction and confinement were unconstitutional. *See* Heck v. Humphrey, which is discussed in the text, *infra*. In any event, the likely amount of such damages would not be great. Plaintiff was required to serve a sentence of 15 year to life on the homicide to which he confessed. It thus appears that, even if Rodriguez (1) prevailed on his Article 78 shortly after it was filed (perhaps early in 2001); and (2) received material (possibly after an appeal, which the People had every right to file) that turned out to be exculpatory; and (3) was granted relief from the judgment of conviction on the basis of that exculpatory information, he could not have been released until sometime at or near the moment when his right of access to the courts (assuming arguendo that it was intentionally denied) had been or was about to be restored.

5

Article 78 for something that began in 2000 and ended sometime in 2005 is indeed barred by the statute of limitations – both the four month statute applicable to Article 78 proceedings and the three year statute relating to constitutional torts. This means that Rodriguez's federal constitutional claim can no longer be vindicated in the state courts. There is, therefore, no basis for <u>Younger</u> abstention.

Defendants' application to dismiss this case under <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), is closer to the mark. If plaintiff is seeking damages to compensate him for having spent years in prison without being able to obtain the information he needed to mount a successful attack on his conviction, his claim would have to be dismissed, since a judgment in this action would imply the invalidity of plaintiff's underlying conviction or of his sentence (see n. 4, supra.). However, to the extent that plaintiff asserts that he has been injured by the mere denial of access, for which he does not seek damages measured in the amount of extra time he has spent behind bars as a result of an allegedly unconstitutional conviction, <u>Heck</u> does not bar his claim. If plaintiff was non-negligently denied a docket number for his petition for five years, then he suffered an injury that is compensable (albeit most likely in nominal damages) without regard to the results of the Article 78 or whether his conviction is eventually overturned. The pleading does not foreclose the possibility that this is precisely the injury plaintiff is trying to compensate. If it is, there is no reason to dismiss the complaint pending post-conviction review. Such dismissal would operate to preclude plaintiff from pursuing this constitutional claim, because he has enjoyed access to the courts since the summer of 2005. Under any statute of limitations, he is today barred from bringing a new § 1983 claim on a denial of access theory.

For these reasons, the motion to dismiss the complaint is denied.

This constitutes the decision and order of the court.

Dated: March 24, 2009

U.S.D.J.

BY FIRST CLASS MAIL TO:

Lisa Ghartey
Assistant Attorney General
Office of Andrew Cuomo
New York State Attorney General
120 Broadway
New York, NY 10271-0332

6

Rafael Curbelo
Assistant District Attorney
Office of Robert Johnson
District Attorney Bronx County
198 East 161st Street
Bronx, NY 10451

Nelson Rodriguez , Plaintiff *Pro Se*
88-A-5497
Attica Correctional Facility
P.O. Box 149
Attica, NY 14011-0149